UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Philip M. Harry, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>HSBC Mortgage Services, Inc.,<br><br>  Defendant. | Court File No. 12-cv-990-SRN-JJK<br><br>**PLAINTIFF'S RESPONSE MEMORANDUM TO DEFENDANT'S MOTION TO COMPEL ARBITRATION** |

Philip M. Harry brought this class action complaint against Defendant, HSBC Mortgage Services, Inc. ("HSBC"), on April 20, 2012 for its failure to comply with the Servicemembers Civil Relief Act when it wrongfully foreclosed on his home during his tour of military duty service.  On June 20, 2012, HSBC filed a motion to compel arbitration and stay action based on its assertion that Sgt. Harry signed an agreement at the closing of his mortgage loan to submit any future claim to mandatory, binding arbitration.[1]  *See* Arb. Agrmnt (Exh. 3 to Def. Mem. in Supp. of Mot. to Comp. Arb.) (Doc. 19-1).  The agreement also includes a ban on bringing any claim as a class representative on behalf of a class of all persons similarly situated. *Id*. at Sec. 7

Part of the agreement, however, provides that if the loan is transferred or sold to Freddie Mac or Fannie Mae, the Arbitration Agreement becomes a nullity:

---

[1] Sgt. Harry disposed of his copy of the closing papers when he came back from deployment overseas.

> Notwithstanding any other provision in this Arbitration Agreement, in the event of a transfer or sale of Your Loan Agreement or an interest in Your Loan Agreement to Freddie Mac or Fannie Mae or to another party who has elected to terminate this Arbitration Agreement because it may sell or transfer Your Loan Agreement or an interest in Your Loan Agreement to Freddie Mac or Fannie Mae … this Arbitration Agreement immediately becomes null and void and cannot be reinstated… .

*Id.* at Sec. 10.

Currently, the parties are exploring whether this matter can be resolved at this early stage of the proceedings and sought to suspend Defendant's motion by joint stipulation; however, the Court disapproved the stipulation, requiring that the motion be heard as scheduled.  *See* Order Disapproving Stip., dated Aug. 27, 2012 (Doc. 24). Plaintiff will not oppose Defendant's motion; nevertheless, in light of Section 10 of the Arbitration Agreement, Plaintiff respectfully requests that this Court require Defendant to first submit evidence that Plaintiff's loan was never transferred or sold to Freddie Mac or Fannie Mae before granting its motion to compel arbitration.  Defendant's Affidavit of Phyllis Johnston submitted in support of its motion to compel arbitration (Doc. 19) contains no affirmative statement that the loan either was or was not held by one of these entities.  Plaintiff has already informally requested Defendant to provide an affidavit regarding whether Sgt. Harry's loan was ever transferred or sold to Freddie Mac or Fannie Mae and is presently awaiting a response from defense counsel.

In conclusion, Plaintiff will not oppose Defendant's motion on condition that HSBC submits into evidence proof that Sgt. Harry's loan was never transferred or sold to Freddie Mac and Frannie Mae.

Dated:  August 30, 2012

Respectfully submitted:
**CROWDER TESKE, PLLP**

By: /s/ Vildan A. Teske
William H. Crowder (MN Bar # 20102)
Vildan A. Teske (MN Bar # 241404)
Marisa C. Katz (MN Bar # 389709)
Colleen Daly (MN Bar # 386510)
222 South Ninth Street, Suite 3210
Minneapolis, Minnesota  55402
Telephone: (612) 746-1558
crowder@crowderteske.com
teske@crowderteske.com
katz@crowderteske.com
daly@crowderteske.com

Richard J. Fuller (MN Bar # 032669)
Attorney at Law
400 South Fourth Street, Suite 202
Minneapolis, Minnesota 55402
Telephone: (612) 294-2600
rfuller@schaeferlaw.com

**SCHAEFER LAW FIRM, LLC**
Bert Black, of counsel (MN Bar # 345042)
Douglas L. Micko (MN Bar #299364)
400 South Fourth Street, Suite 202
Minneapolis, Minnesota 55415
(612) 294-2600
bblack@schaeferlaw.com
dmicko@schaeferlaw.com

**ATTORNEYS FOR PLAINTIFF AND THE CLASS**